NOT FOR PUBLICATION

_____
:
**UNITED STATES OF AMERICA,**       :   DISTRICT OF NEW JERSEY
ex rel. **HELENE Z. HILL,**             :
:
**Plaintiff,**          :   Hon. Dennis M. Cavanaugh
    -vs-                            :   Civil Action No. 03-4837 (DMC)
:
**UNIVERSITY OF MEDICINE AND**      :
**DENTISTRY OF NEW JERSEY, et**     :
**al.,**                            :   OPINION
**Defendants.**         :
:
_____ :

Currently before the Court is a motion to quash a deposition subpoena filed by non-party Tom K. Hei, PhD. (Docket Entry No. 19). The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. See Fed. R. Civ. P. 78. Based on the reasons that follow, Dr. Hei's motion to quash is **granted.**

### BACKGROUND

Helene Z. Hill, PhD, the Plaintiff/Relator in this qui tam case, filed the instant Complaint against the University of Medicine & Dentistry of New Jersey ("UMDNJ"), Dr. Roger W. Howell and Dr. Anupam Bishayee to recover damages and civil penalties on behalf of the United States of America "arising from false statements and claims made and presented by the defendants and/or their agents, employees and co-conspirators in violation of the Federal Civil False Claims Act, 21 U.S.C. § 3729." (Hill Cert., ¶ 2). The violations at issue involve Defendants' application for federal grant monies to the United States Department of Health and Human Sciences, National Institute of Health. (Id.).

Dr. Hill alleges that Defendants' grant application "set forth a proposal to research the effects of non-uniform distributions of radioactivity and to delineate a biological mechanism known as the bystander effect," with the goal of achieving a better overall understanding of the "biological response of tumor and normal tissue to non-uniform distributions of radioactivity." (Id., ¶ 3). In support of this application, Defendants submitted to the United States Department of Health and Human Sciences what Dr. Hill describes as "false or fraudulent" data, statements and/or records. (Id., ¶ 2). Believing that Defendants had engaged in "scientific fraud," Dr. Hill reported the matter to the Radiology Department Chair at UMDNJ. (Id., ¶ 9). The matter was subsequently referred to the UMDNJ Campus Committee on Research Integrity. (Id., ¶ 10). Dr. Hill represents that, during the course of the Committee's review of her complaint, Defendants were ordered to conduct a series of experiments to replicate the data which they had submitted in support of the grant application at issue. (Id., ¶ 10). This data could not be replicated by the Defendants. (Id., ¶ 11).

Defendants have now taken the position, according to Dr. Hill, that her claim necessarily fails because other researchers have been able to replicate the same experimental data allegedly fabricated by the Defendants. (Hill Cert., ¶ 12). It is Dr. Hill's understanding that Defendants are referring to experiments conducted by a team of researchers at the Center for Radiological Research at the Columbia University Medical Center. (Id.). In this regard, Dr. Hill now seeks to depose Dr. Hei, a Professor of Radiation Oncology and Environmental Health Sciences at the College of Physicians & Surgeons at the Mailman School of Public Health of Columbia University. (Dr. Hei Decl., ¶ 1).

**STANDARD**

Federal Rule of Civil Procedure 45(c)(3)(B)(ii) provides that an issuing court may, on motion, quash or modify a subpoena if it requires "disclosing an un-retained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(c)(3)(B)(ii). This subparagraph of Rule 45 was added during the 1991 Amendments to provide appropriate protection for the intellectual property of the non-party witness and to ameliorate the "growing problem" of the "use of subpoenas to compel the giving of evidence and information by un-retained experts." See Fed. R. Civ.  P. 45, Advisory Committee Notes.  In making this discretionary determination, courts have considered:

> the degree to which the expert is being called because of his knowledge of facts relevant to the case rather than in order to give opinion testimony; the difference between testifying to a previously formed or expressed opinion and forming a new one; the possibility that, for other reasons, the witness is a unique expert; the extent to which the calling party is able to show the unlikelihood that any comparable witness will willingly testify; the degree to which the witness is able to show that he has been oppressed by having continually to testify . . . .

Kaufman v. Edelstein, 539 F.2d 811, 822 (2d Cir. 1976).

Even if the elements of Rule 45(c)(3)(B)(ii) are met, the issuing court may, in lieu of quashing or modifying the subpoena, "order appearance or production under specified conditions" if the serving party "shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship," and "ensures that the subpoenaed person will be reasonably compensated." Fed. R. Civ. P. 45(c)(3)(C).

## ANALYSIS

In support of his motion to quash, Dr. Hei certifies that he has "no personal knowledge of, and did not participate in, the research, experiments, or grant applications referred to in the complaint." (Dr. Hei Decl., ¶ 9). Dr. Hill opposes Dr. Hei's motion to quash on the basis that the evidence Dr. Hill seeks to elicit from Dr. Hei does not concern his expert opinion, but rather, derives from Dr. Hei's "intimate knowledge" of the procedures and protocols which were utilized by the Defendants in this case. (Pl. Opp'n Br. at 5-6).

As a preliminary matter, it is clear that Dr. Hill seeks to elicit Dr. Hei's testimony as an expert. See Fed. R. Civ. P. 45(c)(3)(B)(ii) (providing that an issuing court may quash a subpoena if it requires "disclosing an un-retained expert's opinion"). For instance, Dr. Hill explains that "I had a conversation with Dr. Hei in which he told me that he had reservations about Dr. Howell's studies. I wish to confirm that conversation and question him as to the facts on which he relied to form such reservations." (Dr. Hill Cert., ¶ 21). Although Dr. Hill claims that such testimony goes to Dr. Hei's "knowledge of the facts relevant to this case," the Court finds that Dr. Hei's "reservations" about such complex research is tantamount to his opinion. This is class expert testimony. See generally Glaxosmithkline Consumer Health Care, L.P. v. Merix Pharmaceutical Corp., No. 05-436, 2007 WL 1051759, at *3 (D. Utah April 2, 2007) (granting motion to quash and noting that non-party doctor "is sought as an authority, based on his expertise and independent study, not as an observer of facts giving rise to liability.").

Even if the Court were to construe the testimony sought by Dr. Hill as factual in nature, such testimony still does not relate to the specific events or occurrences in dispute. See Fed. R. Civ. P. 45(c)(3)(B)(ii) (providing that an issuing court may quash a subpoena if it requires "disclosing . . . information that does not describe specific occurrences in dispute and results from the expert's study

4

that was not requested by a party."). Rather, Dr. Hill intends to use Dr. Hei's testimony to develop a comparative standard by which to judge the appropriateness of Defendants' actions in this case. For instance, Dr. Hill admits that she seeks to elicit testimony from Dr. Hei in order to compare the protocols utilized by Dr. Hei and the team of Columbia researchers with the protocols utilized by the Defendants at UMDNJ. (Dr. Hill Cert., ¶ 17). In doing so, Dr. Hill concedes that Dr. Hei did not participate in the research program that is the subject of this litigation, or even utilize the same procedures allegedly utilized by the Defendants in this case. (Pl. Opp'n Br. at 5-6). Such admissions confirm that Dr. Hill seeks expert testimony from Dr. Hei, an un-retained expert in this matter. See, e.g., Chavez v. Bd. of Educ. of Tularos Mun. Sch., No. 05-380, 2007 WL 1306734, at *5 (D.N.M. Feb. 16, 2007) ("Asking a special education specialist from one school district to describe how her school district develops and implements educational programs . . . for the purpose of developing standards by which to measure the appropriateness of educational . . . services of a defendant school district, amounts to seeking expert testimony.").

As a result, the Court will quash Dr. Hill's deposition subpoena as it relates to Dr. Hei absent a showing of "a substantial need for the testimony or material that cannot be otherwise met without undue hardship."[1]  Fed. R. Civ. P. 45(c)(3)(C). Dr. Hill has failed to meet this burden. Despite Dr. Hill's claim that Dr. Hei is a "unique witness," and that the Columbia lab "is the only other one (besides the Howell lab) that has published results of experiments involving the bystander effect using tritiated thymidine," the Court finds that any hardship in not having Dr. Hei's testimony would be minimal given that Dr. Hei's study on the bystander effect was published and is publicly available. See, e.g., Intervet, Inc. v. Merial Ltd., No. 07-194, 2007 WL 1797643, at *2 (D. Neb.

---

[1] Rule 45(c)(3)(C) also requires that the subpoenaed person be "reasonably compensated." Fed. R. Civ. P. 45(c)(3)(C).  This requirement is not in dispute.

June 20, 2008) (explaining that Dr. Osorio's declaration is a public document which plaintiff can use to impeach witnesses, and noting that there is no reason why plaintiff "cannot present Dr. Osorio's declaration to its own experts for perusal and comment."); Thompson v. Glenmede Trust Co., No. 92-5233, 1995 WL 752422, at *4 (E.D. Pa. Dec. 19, 1995) (noting that "any hardship in not having Mr. Bradshaw testify would appear to be nominal when the Glenmede Defendants already have Mr. Bradshaw's favorable opinion outlined in his reports."). Having found that Dr. Hill has not carried her burden of showing a substantial need for Dr. Hei's testimony, the Court will exercise its discretion and grant Dr. Hei's motion to quash.

## CONCLUSION

Dr. Hill seeks expert testimony from Dr. Hei, an un-retained expert. Dr. Hill has not shown a substantial need for Dr. Hei's testimony, nor has she shown that she can not secure similar testimony from a retained expert. For the reasons set forth above, Dr. Hei's motion to quash is **granted.** A separate Order accompanies this Opinion.

         /s/   Mark Falk

DATE: September 26, 2008        **MARK FALK**
         **United States Magistrate Judge**

Orig.: Clerk of the Court
      Hon. Dennis M. Cavanaugh, U.S.D.J.
      All Parties
      File